We will hear argument next in Case No. 24-1264, J. Star Enterprises v. United States. Good morning, Your Honors. May it please the Court, Jason Anders on behalf of J. Star Enterprises. We're here today on an appeal of the grant of a motion to dismiss J. Star's claims under Rule 12b-1 and 12b-6. This was dismissed at the early stages of the litigation. There was no discovery that was allowed. And J. Star contends that that decision was in error because the Court of Federal Claims didn't take into account activities that took place after the liquidated damages were assessed in October of 2015. Judge Tapp actually said in his opinion that there are no events that would have given rise to a potential claim after October 1st of 2015 when J. Star reluctantly accepted the assessment of liquidated damages. And there's no dispute as to that date. J. Star doesn't dispute that they did that. But what brings it within the six-year statute of limitations is what took place after October of 2015 because J. Star feels that it was improperly assessed the liquidated damages. The only excuse that was ever given by the government was that it was late, that the project was late. And this project, both sides agree, was riddled with delays. It was a 2014 contract for the installation of drainage pipe at the Fort Hood base. And throughout the project, J. Star contends that the government refused to approve personnel that was more than qualified to serve in certain positions, which delayed the project. So what did you allege in your complaint happened after October 1st, 2015 that would have made a difference to when your claim accrued? Well, Judge, I looked at that and there's not a reference in the complaint to the FOIA request that was issued in November of 2016. And that FOIA complaint is when J. Star was starting to try to investigate its claim to determine if it has a cause of action for the improper assessment of liquidated damages, which took place in October, the government delayed that response and asked even that it be So putting aside just for the moment, maybe we'll get to it, whether a FOIA request could stay or hold the running of the statute, I think you've acknowledged the complaint, which is what they moved to dismiss, the complaint, it doesn't say anything about FOIA and I don't think it says anything about anything that happened after October 1st, 2015, does it? It doesn't, Your Honor. The complaint doesn't, but we weren't given the opportunity to amend. And I also believe that You weren't given the opportunity to amend? Did you ask to? I don't recall if we did, Your Honor, I can't say exactly that we did, but I don't believe it would matter. I've considered that question because there's a statement in Judge Tapp's opinion where he says there are no events. Even when all parties agreed that the FOIA request was submitted in November, there was a delay requested by the government through December, which puts us into the six-year statute of limitations. And then there was basically an inadequate production in February of 2016, which is no question within the six years. There's no disputes to that. Judge Tapp said, even considering that there's no event past October 1, 2015, when JSTAR reluctantly did so, but accepted the assessment of liquidated damages and accepted final payment on the contract, that there's no events past that date that could even potentially What claim arose within the six-year statute of limitations? Setting aside tolling again. I understand. I mean, if we disagree with you on tolling, then the accrual date, there's one accrual date for liquidated damages, which is October 2015. Are you arguing that somehow you discovered a new claim during the FOIAs? I believe that after October 2015, the continued delays by the government and producing the records, failing to produce the records. Wait, no. Continued. You mean on the documents? It's the duty of the Good Faith and Fair Dealing, Your Honor. The other two claims that JSTAR made in its complaint were the government's breach of its duty of Good Faith and Fair Dealing and its implied duty to cooperate and to not to hinder. You're saying that the delay in doing FOIA somehow constitutes a breach of Good Faith and Fair Dealing with regards to the contract? We don't know that because we weren't allowed to do discovery in the case, Your Honor. I think definitionally, FOIA requests don't deal with contract administration. I understand that, Your Honor, but we feel like that— If that's the case, then that's not a new claim. Do you have anything else? I don't think so, Judge. Other than that, that would fall with that FOIA request, and we don't know what took place between the FOIA request being submitted in November and the actual number one, the delay, and then the production. What does it matter? You're challenging the assessment of liquidated damages. You know when the date was and what they were.  But, Judge, there are other claims beyond the assessment of liquidated damages. It's also with the general contract administration. Which ones? I just asked you. Well, those are events that took place prior to the issuance of the FOIA request and the assessment of liquidated damages. There were other issues with the administration of the contract, like the different delays. Well, it sounds like you're out of time on those, too. Could be potentially, Your Honor, but the FOIA request could have provided us with information that could have supported a claim within that six-year window. And certainly, discovery. I mean, this was dismissed on the 12B1 and the 12B6 without any opportunity for JSTAR to conduct discovery. But you don't get discovery when you file the complaint after the statute of limitations. Well, that's really the dispute, Your Honor. We contend that we did file within the statute of limitations because of these events that continue to occur after the assessment of liquidated damages. And it was all one continuing activity by the government to delay the production of records, to not approve people, just general contract administration. And we don't know why the FOIA request was delayed or why certain documents weren't produced. And we feel that that puts us within the six-year limitation window. And at least we should have been allowed to conduct discovery. As a small business at the time, they accepted this money because they needed it. Even though with the assessment of liquidated damages, this was still almost a million-dollar contract for this small, I believe at the time it was an 8A qualified small business company. So they accepted this. Then they started to investigate, and that gets us within the six years. But now the district court went back to the assessment of liquidated damages and says that's it. No discovery. We never got an adequate FOIA response. And we submit that we were within that time and we should have at least been given the opportunity to conduct discovery to support the claim. And I would imagine we might be back on a motion for summary judgment after some discovery is conducted. But as Your Honors know, the standard is it has to be beyond a doubt that there's no possible claim that could be submitted. And at this point, we feel that we should have been given the opportunity to at least support those claims and then have it addressed likely on a summary judgment motion, not a 12B1 or a 12B6. If Your Honors don't have any more questions, I'll reserve my time. Thank you, Your Honors. May it please the Court. Good morning, Your Honors. The Contract Disputes Act requires that government contractors present claims to contracting officers within six years that the claim would accrue. As we see in the complaint and as we've heard today, all the events that could have possibly led to a claim occurred on or before October 1, 2015. When JSTAR filed its complaint, when JSTAR presented a claim to the contracting officer in November 2021, it was more than six years after the end of this contract. They've identified no events during that period that could possibly accrue a new claim. If Your Honors have no further questions. So that deals with the six-year rule for filing a claim with the contracting officer, right? Yes, Your Honor. There was a separate point in the Court of Federal Claims opinion about, what is it, the one-year rule for coming to the Court of Federal Claims. Correct, Your Honor. There's some Court of Federal Claims precedent that the government's assessment of liquidated damages is a final decision of a contracting officer that can be brought directly to the Court of Federal Claims. I don't believe this Court has reviewed this question, but we also argued in the alternative, that was also untimely as a challenge to that assessment of liquidated damages. Would have had to been filed by October 1, 2016. We are well outside of that limit as well. So Judge, the trial court dismissed on both grounds, and we believe that this Court can affirm on both or either one. Does the government have a view on whether a FOIA request within the six-year window could, in some circumstances, toll the running of a statute? Your Honor, I don't want to foreclose any future possibility that a FOIA request could reveal an event that led to the claim accrual, but surely these circumstances do not demonstrate that. I'm a little surprised by that answer, frankly. I would think that the Justice Department said the FOIA itself doesn't toll. Perhaps if a new claim is uncovered, that is a new claim accrual, but it has nothing to do with tolling itself. Yes, Your Honor. That would be a more accurate assessment of my position. Thank you, Your Honor. Unless there's anything further, we ask that the Court affirm the Court of Federal Claims. Thank you. Your Honor, I just wanted to address that question about the one year on liquidated damages. We don't dispute that, that that assessment was made and accepted on October 1st of 2015, and there was not an appeal to the Court of Federal Claims. If that's considered a contractor's office, the final decision of a contracting officer. You want to get to the, what, the January 2022 lien denial? That's correct, Your Honor. The problem with that was that the claim didn't get to the contracting officer within the six-year period. That's correct, and that's where the FOIA request would come in to see. It's not necessarily the assessment of liquidated damages, but JSTOR's contention as to why they were assessed and the reasoning for that, and we feel like the government had to intentionally delay that response, which would support its claims for a breach of duty of good faith and fair dealing, at least into February when they produced essentially a minimal response, which would support our claim within the six-year period. Thank you, Your Honors. Thank you. Thanks to both counsel. Case is submitted.